John Mitcheltree, appellant *v.* Matthew Sparks,
appellee.

*Appeal from Schuyler.*

Where a judgment is rendered by a justice of the peace against two defendants,
   and one of them only appeals to the Circuit Court, the cause should be docketed
   against the appellant only.
Where an appeal is taken from a justice of the peace to the Circuit Court, if the
   justice had jurisdiction of the suit when it was commenced before him, the
   Circuit Court may render judgment for a sum exceeding $100, if such excess is
   for interest that has accrued subsequent to the rendition of the judgment by the
   justice of the peace.

   This cause was tried at the November term, 1835, of the
Schuyler Circuit Court, before the Hon. Richard M. Young.

   M. McConnell, for the appellant.

   G. W. P. Maxwell, for the appellee.

   Lockwood, Justice, delivered the opinion of the Court :(1)
   The following are the facts in this case : Sparks commenced
an action before a justice of the peace against Mitcheltree and
Teal, and the justice gave judgment against  both defendants.
Mitcheltree took an appeal to the Circuit Court, where the appeal
was dismissed because both defendants had not joined in the ap-
peal.   From this decision of the Circuit Court, Mitcheltree ap-
pealed to this Court, and the judgment of the Circuit Court was
reversed by default, and the cause remanded to the Circuit Court
of Schuyler county, with directions to that Court to " reinstate

   (1) Wilson, Chief Justice, did not sit in this cause.

said cause in said Court, and proceed therein upon the merits of the final judgment."

The Circuit Court of Schuyler county upon receiving a copy of the order of this Court, ordered the cause to be reinstated on the docket of said Circuit Court, in the name of Sparks *v.* Mitcheltree. On the trial of this cause in the Court below, judgment was rendered in favor of the plaintiff against the defendant, for $50 debt, and $50,37½ damages, besides costs. From this judgment an appeal has been brought into this Court, and the following errors relied on for a reversal, to wit, 1. The judgment is void for want of certainty as to which of the defendants judgment was against, and the judgment is rendered for more than was justifiable. 2. The Court erred in rendering a judgment against one of the defendants in the cause, and not against both.

It will be perceived by the facts of the case, that the question whether an appeal can be taken by one of two defendants, against whom a justice has rendered judgment, is not now before this Court. Nor did the former reversal by default of the decision of the Circuit Court, decide this point any farther than concerned this case when it again reached the Circuit Court. When the order of reversal was presented to the Court below for its action, the question naturally presented itself to that Court, How shall the cause be docketed? Shall it be docketed against Mitcheltree and Teal, or shall it be docketed against Mitcheltree, who alone had taken the appeal to the Circuit Court, and who had also appealed to this Court? The Circuit Court ordered, and we think correctly, that the cause should be docketed against Mitcheltree only. Teal being satisfied with the decision of the magistrate, it would be unreasonable to compel him to litigate further, contrary to his will, and perhaps thereby subject himself to heavy loss. The cause then was correctly docketed in the Circuit Court, against Mitcheltree. And from the form of the entry of the judgment that the " plaintiff recover of the defendant," it is sufficiently certain that the judgment was only against Mitcheltree.

The other point in the case is, Did the Circuit Court give judgment for more than was due on the note filed in the case? The note was for $50 with twenty-five per cent. per annum interest. The Circuit Court allowed interest from the date of the note till the rendition of the judgment in the Circuit Court. This was correct.(1) The Court in that case intimate that the Circuit Court (its jurisdiction being unlimited) may enter judgment for more than $100, where the justice had jurisdiction of the suit when it was commenced before him, and the excess is for interest that has accrued subsequent to the rendition of the judgment

(1) Tindall *v.* Meeker. *Ante* 137.

before the justice, and we see no reason to dissent from that opinion.

The judgment, therefore, must be affirmed with costs.

*Judgment affirmed.*

(1) WILSON, Chief Justice, did not sit in this cause.